FILED

2010 Sep-27  AM 11:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

REBECCA MCCURRY,                    ]
                                    ]
        Plaintiff,                  ]
                                    ]
    vs.                             ]        4:09-CV-0388-LSC
                                    ]
MICHAEL J. ASTRUE,                  ]
Commissioner,                       ]
Social Security Administration,     ]
                                    ]
        Defendant.                  ]

MEMORANDUM OF OPINION

I.    Introduction.

Plaintiff, Rebecca McCurry, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI").  Ms. McCurry timely pursued and exhausted her administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. McCurry was forty-one years old at the time of the Administrative

Law Judge's ("ALJ's") decision, and she has a ninth grade education. (Doc. 16 at 2, Tr. at 234.) Her past work experience includes employment as a seamstress, temporary-agency production worker, waitress, retail store cashier, and motel housekeeper. (Doc. 13 at 2, Tr. at 84-85, 100-08.) Ms. McCurry claims that she became disabled on July 11, 2005, due to "pain and discomfort associated with a back injury following an automobile accident that resulted in a bulging disc and annular tear of the lumbar spine at L4-L5." (Doc. 13 at 2, Tr. at 84, 121, 298-307).[1]

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id*. If he or she is not, the Commissioner

---

[1] Plaintiff's original complaints involved only her back problems. However, in requesting review by the Appeals Council, Plaintiff contended she suffered from "severe lower back pain due to bulging disc at L4-5, severe depression, panic attacks, sleeplessness, stomach difficulties, neck pain, headaches, bilateral knee pain and bilateral leg numbness." (Doc. 16 at 2, Tr. at 234.)

next considers the effect of all of the physical and mental impairments combined.   20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).   These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled.  *Id*.  The decision depends on the medical evidence in the record.  *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971).  If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1.   20 C.F.R. §§ 404.1520(a)(4)(iii),  416.920(a)(4)(iii).  If the claimant's impairments fall within this category, he or she will be found disabled without further consideration.  (*Id.*)  If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20

C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops.  *Id.*  If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.  *Id.*  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can do other work, the claimant is not disabled.  *Id.*

Applying the sequential evaluation process, the ALJ found that Ms. McCurry "meets the insured status requirements of the Act through December 31, 2009." (Tr. at 24.)  He further determined that Ms. McCurry had not engaged in substantial gainful activity since the alleged onset of her disability.  *Id.* at 25.  According to the ALJ, Plaintiff's disorder of the lumbar spine is considered "severe" based on the requirements set forth in the regulations.  *Id.*  However, he found that this impairment neither met nor medically equaled any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.* at 26.  The ALJ determined that Ms. McCurry has

the residual functional capacity to "perform the full range of medium work. She is able to lift and carry 50 pounds occasionally and 20 pounds frequently.  In an 8-hour workday, she is able to stand and/or walk 8 hours and sit 8 hours."  *Id*.

The ALJ then determined that "Claimant is capable of performing her past relevant work as a sewing machine operator, housekeeper, cashier, and watiress." (Tr. at 29.)  Accordingly, the ALJ entered a finding that Plaintiff has "not been under a disability, as defined by the Act, at any time from July 11, 2005, the AOD, through the date of this decision."  *Id*. at 30.

II.    Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  The Court approaches the factual findings of the Commissioner with deference, but

applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.  *Id.*  "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"  *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence.  *Miles*, 84 F.3d at 1400.  No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached."  *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987).  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir.

1984).

III.    Discussion.

Ms. McCurry alleges that the ALJ's decision should be reversed because it is not supported by substantial evidence and applicable law for nine reasons. (Doc. 16 at 1-26.)  First, Plaintiff claims the Appeals Council failed to remand to consider new evidence.  *Id*. at 7.  Second, Plaintiff contends substantial evidence did not support the ALJ's decision.  *Id*. at 8.  Third, Plaintiff argues the ALJ failed to state adequate reasons for discrediting her. *Id*. at 11.    Fourth, Plaintiff claims the ALJ improperly drew adverse inferences from Plaintiff's lack of medical treatment.  *Id*. at 13.  Fifth, Plaintiff alleges the ALJ failed to develop the record.  Doc. 16-2 at 2.  Sixth, Plaintiff states the ALJ used improper legal standards in determining that Plantiff can perform past work and failed to explain the basis of his decision. *Id*. at 3.  Seventh, Plaintiff argues that she meets Listing 1.04A.  *Id*. at 6. Eighth, Plaintiff claims she meets Listing 12.04.  *Id*. at 8.  Lastly, Plaintiff argues that the ALJ failed to consider all of her severe impairments and failed to consider the combination of her impairments.  *Id*. at 11.

A.     New Evidence.

Plaintiff's first contention is that the Appeals Council improperly failed to remand the case to the ALJ for consideration of new evidence.  (Doc. 16 at 8.)  Plaintiff states that the new evidence to which she refers is discussed in pages six through eight of her brief to this Court.  *Id*.  However, this evidence consists of reports which were a part of the record and were discussed and considered by the ALJ.  *Id*. at 6-7.  The evidence cited by Plaintiff includes records from the following:   Therapy Plus, dated September 7, 2005 (Tr. at 28, 139); Dr. Ed Petry, dated October 20, 2005 (Tr. at 28, 194); Quality of Life, dated March 8, 2006, through May 25, 2007 (Tr. at 28-29, 194-95); and Dr. Rickless, dated September 10, 2007 (Tr. at 29, 229-30).  All of these records were considered by the ALJ (Tr. at 28-29), and therefore cannot be considered "new evidence."

B.     Substantial Evidence.

Plaintiff next claims the ALJ's decision is not based on substantial evidence.  (Doc. 16 at 8.)  Plaintiff again rests her argument on "new evidence" submitted to the Appeals Council.  *Id*. at 8-10.

If the entire record, including evidence submitted for the first time to the Appeals Council, does not support the ALJ's decision with substantial evidence, then remand is appropriate. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1262 (11th Cir. 2007).  The Appeals Council "must consider new, material, and chronologically relevant evidence and must review the case if the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record. *Id.* at 1261.  When reconsidering the Appeals Council's denial of review, the Court must "look at the pertinent evidence to determine if the evidence is new and material, the kind of evidence [the Appeals Council] must consider in making its decision whether to review the ALJ's decision." *Falge v. Apfel*, 150 F.3d 1320, 1324 (11th Cir. 1998).  The new evidence must relate back to the time period on or before the date of the ALJ's decision and new evidence is material if there is a reasonable possibility that the new evidence would change the administrative result. 20 C.F.R. § 404.970(b)); *see Falge*, 150 F.3d at 1323.  Even if new evidence would strengthen a claimant's claim of disability, if the reports came after the ALJ's decision, the Appeals Council does not consider them. *Smith v.*

*Soc. Sec. Admin.*, 272 Fed. Appx. 789, 802 (11th Cir. 2008).

In the instant case, the ALJ's decision was issued on March 4, 2008. (Tr. at 30.)  Plaintiff cites to new evidence which includes the following: a psychological examination from Dr. David Wilson, dated April 8, 2008; records from Sardis Medical Center/Quality of Life, dated April 15, 2008, through May 21, 2008; records from Marshall Medical Center, dated April 18, 2008; records from CRNP, Amy Thornton, dated April 25, 2008; and records from Dr. Daniel Prince, dated May 15, 2008.  (Doc. 16 at 8-9.)  All of this evidence relates to a period after the ALJ's decision.

Therefore, although the Appeals Council did make the additional evidence part of the record (Tr. at 9), the council did not have to consider the new evidence and Plaintiff's argument that the decision was not based on substantial evidence is without merit.

C.     Credibility of Claimant.

Plaintiff next contends that the ALJ did not state adequate reasons for discrediting Plaintiff's testimony, and the ALJ, in error, required objective evidence.  (Doc. 16 at 11.)  To establish disability based upon pain and other

subjective symptoms, "[t]he pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)).

The ALJ is permitted to discredit Claimant's subjective testimony of pain and other symptoms if he articulates explicit and adequate reasons for doing so.  *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (1996) ("[T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements.").  Although the Eleventh Circuit does not require explicit findings as to credibility, "'the implication must be obvious to the reviewing court.'"  *Dyer*, 395 F.3d at 1210 (quoting *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)).  In *Dyer*, the Eleventh

Circuit held that the ALJ properly applied the *Holt* standard when he considered the claimant's daily activities, frequency of his symptoms, and the types and dosages of his medications, to conclude that the claimant's subjective complaints were inconsistent with the medical record. *Id.* at 1212. "[P]articular phrases or formulations" do not have to be cited in an ALJ's credibility determination, but it cannot be a "broad rejection which is "not enough to enable [this Court] to conclude that [the ALJ] considered her medical condition as a whole." *Id.* (internal quotations omitted).

In the instant case, the ALJ found that Claimant's "medically determinable impairment could reasonably be expected to produce the symptoms [Plaintiff] alleges." (Tr. at 28). However, he further determined that Claimant's statements "concerning the intensity, persistence and limiting effects of the alleged symptoms are not entirely credible because they are not consistent with either the objective medical evidence or other evidence of record." *Id.*

In making his determination, the ALJ examined the medical records of evidence, as well as Claimant's testimony. The ALJ noted Plaintiff's motor

vehicle accident on July 11, 2005, the alleged onset date, which resulted in her first report of back pain.  (Tr. at 25, 28.)  Following the accident, Plaintiff sought treatment through both physical therapy and chiropractic therapy.  *Id*. at 28.  In September 2005, after twelve visits to physical therapy, records indicate that Plaintiff reported an improvement when using the recommended exercises, and reported cervical pain 0 to 2/10 on a pain scale, "with a reduction in low back pain as well as measuring 6/10." *Id*. at 28, 139.  Despite Claimant's testimony that the pain radiating from her back and down her right leg results in pain and numbness in her knees and bottom of her feet (Tr. at 27), physical therapy records indicate that, on September 7, 2005, she reported that "she is not having any numbness or tingling in the lower extremities at this time, and her pain continues to be centralized in the low back." *Id*. at 139.

In addition to physical therapy, Plaintiff received chiropractic treatment from October 2005 to April 2006.  (Tr. at 28, 194-215.) Throughout this time, Plaintiff's chiropractor, Dr. Ed Petry, noted continued improvement in Plaintiff's condition.  *Id*. at 194-204.  On April 6, 2006,

Plaintiff's final visit, Dr. Petry noted "pain of a mild degree" in the lumbar region, along with only mild spasm and moderate tenderness.  Although he also noted Plaintiff showed little progress since her last visit, he concluded that Plaintiff "seems to be accepting treatment well" and her appointment interval will remain the same.  *Id*. at 203.  There is nothing in the record to indicate that Plaintiff returned to Dr. Petry after the April 6, 2006 visit.

Plaintiff did not seek any form of medical treatment for her back pain again until ten months later, on February 22, 2007, when she visited Quality of Life Health Service ("Quality of Life").  (Tr. at 28, 224-25.)  As noted by the ALJ, this gap in any type of treatment is "inconsistent with Claimant's alleged limitations and pain intensity."  (Tr. at 28.)  Interestingly, Plaintiff was previously seen at Quality of Life on March 8, 2006, at which time she denied having pain.  (Tr. at 29, 217.)  On subsequent visits to Quality of Life, with the exception of positive straight leg raising during a couple of visits, Plaintiff had within-normal-limits examinations, including no neurological deficits and normal range of motion.  *Id*. at 28-29, 217, 222, 224.  Further, on May 5, 2007, in the midst of her treatment at Quality of

Life, Plaintiff underwent an MRI of the lumbar spine at Marshall Medical Center.   The MRI indicated "very mild disc bulges and very minimal noncompressive central disc protrusion at L5/S1.   No central stenosis or change."  *Id*. at 25, 219

Finally, Plaintiff underwent a consultative examination with Dr. Morton S. Rickless on September 10, 2007.  (Tr. at 29, 228-233.)  While Dr. Rickless did note Plaintiff had tenderness in the right lower area of her spine, he further noted the following:  no spasms and no limitation of range of motion, and, normal strength in upper and lower extremities, with no sensory or motor deficits.   Additionally, Dr. Rickless found x-rays of Plaintiff's lumbar spine to be essentially normal, showing her lumbar to be well-aligned, evidencing no fracture, dislocation, or arthritis, and Plaintiff's recent lumbar MRI showed only very mild disk bulges, minimal non-compressive disk protrusion at L5-S1, and no stenosis.  *Id*.  at 29, 229-30.

Based on the record as discussed above, the ALJ had substantial evidence to discredit Plaintiff's complaints of pain.

D.    Improper Inferences.

Plaintiff alleges the ALJ "drew adverse inferences from the lack of medical evidence which resulted in an adverse decision even though claimant explained that she had no money." (Doc. 16 at 13.)  This is simply not the case.  Although it is true that poverty excuses non-compliance with a treatment regimen, *See Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988), there is nothing in the record to indicate that Plaintiff was unable to seek medical treatment because of a lack of money.

Plaintiff bases this argument on the ALJ's statement that "after Claimant's last visit with the chiropractor in April 2006, she did not receive any medical treatment until 10 months later on February 22, 2007.  The absence of medical treatment is inconsistent with Claimant's alleged limitations and pain intensity" (Tr. at 28).   (Doc. 16 at 13.)   Plaintiff contends she did not seek treatment for ten months because of "lack of finances" (Doc. 16-2 at 2), however, she points to nothing in the record to support this theory.   The only instance in the record in which Plaintiff contended she could not afford treatment was during the hearing before the

ALJ, at which point Plaintiff stated that she went to Quality of Life because it was all she could afford.  (Tr. at 300.)  However, the ALJ noted, and the record shows, Plaintiff sought treatment from a chiropractor from October 2005 through April 2006, she went to physical therapy on twelve different occasions in 2005, and she received treatment from Quality of Life treatment center in 2006, 2007, and 2008.  (Tr. at 28-29, 164-93, 300, 259-80.)   Thus, there is nothing to indicate Plaintiff was prevented from obtaining treatment, including a lack of finances, nor did the ALJ make an improper adverse inference.

E.     Failure to Develop the Record.

Plaintiff claims the ALJ failed to obtain medical records from the following: Sardis Medical Center/Quality of Life, dated July 16, 1998 through March 26, 2001; Marshall Medical Center South, February 15, 2002 through November 13, 2004, and July 15, 2005 through May 5, 2005; Petry Chiropractic Center, dated October 19, 2005; Orthopedic Specialists/Dr. Berchuck, dated September 19, 2005; and school records from 1980 through 1983.  (Doc. 16-2 at 2.)   Plaintiff further claims these records were

submitted to the Appeals Council, but omitted from the record.  *Id*.

An ALJ does have a duty to develop a full and fair record.  *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).  However, there must be a "showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded . . . for further development of the record."  *Graham v. Apfel*, 129 F.3d 1420, 1422-23 (11th Cir. 1997).  Furthermore, it is fundamentally the responsibility of the party seeking benefits to prove his disability, and therefore "he is responsible for producing evidence to support his claim."  *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

Plaintiff's argument in the present case seems to rest on additional medical evidence that Plaintiff claims she submitted to the Appeals Council that was not before the ALJ.  However, Plaintiff's claim is problematic. First, the evidence itself was not presented to the ALJ for consideration, and he is not required to ferret out additional information that may benefit Plaintiff.    *See Ellison,* 355 F. 3d at 1276-77.   Furthermore, the ALJ considered a number of medical records regarding Plaintiff's treatment

during the period between her onset of disability and the ALJ's decision. (Tr. at 25-28.)  Third, although Plaintiff claims that the additional records were submitted to the Appeals Council, it appears by examining Plaintiff's own letter to the Appeals Council that the only additional evidence actually submitted were records from April and May of 2008, after the alleged onset date.  (Tr. at 234.)  Plaintiff references the medical records listed above (*See supra* at p. 17) and states that they were not considered, however it does not appear those records were actually included for review by the Appeals Council.  *Id*. at 236.  Plaintiff did briefly summarize these records in her letter to the Appeals Council, however the records offer nothing new. Plaintiff references notations of depression in 1998, disc degeneration and disc bulging in 2005, neck and back pain in 2005, and school records indicating Plaintiff did not receive an education past the 9th grade.  *Id*. Even had Plaintiff submitted the actual records to the Appeals Council for review, there is nothing to indicate that there was a reasonable possibility that the new evidence would have changed the administrative result.  *See* 20 C.F.R. § 404.970(b))*; see Falge*, 150 F.3d at 1323.

F.     Past Relevant Work.

Plaintiff next contends that the ALJ failed to apply proper legal standards in determining her past work and failed to explain the basis for his finding.  (Doc. 16-2 at 6.)  Plaintiff bases this argument on SSR 82-62[2], which states in part,

> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
>
> 1.   A finding of fact as to the individual's RFC.
> 2.   A finding of fact as to the physical and mental demands of the past job/occupation.
> 3.   A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

The ALJ found Plaintiff's RFC to consist of the ability to "perform the full range of medium work."  (Tr. at 26.)  In determining whether Plaintiff could perform her past relevant work, the ALJ considered the testimony of a vocational expert who testified that all of Plaintiff's past work was "light, unskilled."  *Id*. at 29, 313.  Finally, the ALJ determined that none of

_____

[2]Plaintiff cites to SSR 82-86 and 82-61, along with various case law, much of which is not from the Eleventh Circuit, but from other district courts.  (Doc. 16-2 at 3-6.)  However, at no point did Plaintiff relate any of the cited regulations or case law to her own case, nor did she state exactly how the ALJ erred in determining Plaintiff could perform past work.

Plaintiff's former jobs required "performance of work-related activities precluded by [Plaintiff's] RFC." *Id*. at 29.

Thus, in accordance with SSR 82-62, the ALJ correctly determined that Plaintiff could perform her past relevant work.

G.    Failure to Meet Listings.

Plaintiff alleges the evidence of record supports a finding of disability under Listing 1.04A, Disorders of the Spine, and Listing 12.04, Depression. A plaintiff is disabled if his impairments meet or equal an impairment in the Listings of Impairments.  *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).  The plaintiff has a heavy burden in meeting a listing, as "the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary."  *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990).  To meet a listing, the plaintiff must "have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the listings and the duration requirement."  *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002) (citing 20 C.F.R. § 404.1525(a)-(d)). "To equal a Listing, the medical findings must be 'at least equal in severity and duration to the listed findings.'"  *Wilson*, 284 F.3d at 1224 (quoting 20

C.F.R. § 404.1526(a)).   Furthermore, "[f]or a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria . . . [because] [a]n impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see also Wilkinson o/b/o Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir.1987) (claimant must "present specific medical findings that meet various tests" to meet a Listing).   Finally, the Court has an "absolute duty" to consider a combination of impairments in order to determine whether there is medical equivalency to a Listing if the listing is defined in terms of functional criteria. *Davis v. Shalala*, 985 F.2d 528, 533-34 (11th Cir.1993).

      1.    Listing 1.04A.

Listing 20 C.F.R. pt. 404, subpt. P, app. 1, §1.04A provides for disability as a result of a disorder of the spine resulting in a compromise of a nerve root or spinal cord with evidence of nerve root compression causing pain, limitation of motion, or motor loss accompanied by sensory or reflex loss and, if the lower back is involved, positive straight-leg raising test.

In the instant case, Plaintiff cites to medical records from July 13, 2005, through April 15, 2008.  (Doc. 16-2 at 6-8.)  However, while all of these records reference back pain, lumbar pain, bulging discs, and/or disc degeneration, none of the records indicate that Plaintiff had a disorder of the spine resulting in a compromise of a nerve root or spinal cord as required by Listing 1.04A.  Thus, Plaintiff has failed to meet the burden of providing medical evidence to show that her impairments met or equaled subsection A of Listing 1.04.

      2.    Listing 12.04.

Listing 12.04 requires a "disturbance of mood, accompanied by a full or partial manic or depressive syndrome." 20 C.F.R. pt. 404, subpt. P, app. 1, §12.04.  A claimant must also show that he suffers from either depressive syndrome, manic syndrome, or bipolar syndrome, which result in at least two of the following: "marked restriction of activities of daily living; or marked difficulties in maintaining social functioning; or marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration."  As an alternative, a claimant must show "medically documented history of a chronic affective disorder of

at least 2 years duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support." *Id.*

Plaintiff relies on records from Sardis Medical Center dated July 16, 1998, through April 15, 2008, in addition to records from Dr. David Wilson, dated April 8, 2008.  (Doc. 16-2 at 10-11.)  While the records from Sardis Medical Center indicate depression, fatigue, crying spells, mood swings, and anxiety, none of these records state that Plaintiff's depression resulted in marked restriction or marked difficulties for Plaintiff, nor do they indicate that Plaintiff suffered from a minimal limitation of ability to do basic work activities.

Further, the psychological evaluation by Dr. Wilson was performed on April 8, 2008 (Tr. at 257), over one month after the ALJ's decision.  As previously stated, the Appeals Council was not required to consider this evidence.  *See supra* pp. 8-9.

Thus, Plaintiff has also failed to meet the burden of providing medical evidence to show that her impairments met or equaled subsection Listing 12.04.

H.    Combination of Impairments.

Lastly, Plaintiff contends the ALJ failed to consider all of her severe impairments and failed to consider the combination of her impairments. (Doc. 16-2 at 11.)  Social Security regulations require the ALJ to consider the combined effects of all impairments in evaluating disability:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  If we do find a medically severe combination of impairments, the combined effect of the impairments will be considered throughout the disability determination process.  If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled.

20 C.F.R. § 404.1523; *see also Swindel v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990).  When there is a combination of impairments, the claimant may be found disabled even though none of the individual impairments, including pain, is disabling.  *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987).

The Eleventh Circuit has held that an ALJ's statement that:

> [B]ased upon a thorough consideration of all evidence, the ALJ concludes the appellant is not suffering from any impairment, *or*

> *combination of impairments* of sufficient severity to prevent
> him from engaging in any substantial gainful activity for a period
> of at least twelve continuous months

is sufficient evidence of proper consideration of the claimant's combined

impairments. *Wheeler v. Heckler*, 784 F.2d 1073, 1076 (11th Cir. 1987). *See*

*also Jones v. Department of Health and Human Serv's*, 941 F.2d 1529, 1553

(11th Cir. 1991) (holding that ALJ's statement that though claimant "'has

severe residuals of an injury' he does not have 'an impairment or

combination of impairments listed in, or medically equal to one listed in

Appendix 1, Subpart P, Regulation No. 4'" to be sufficient evidence of

combined impairment consideration).

In the instant case, the ALJ found Plaintiff's disorder of the lumbar

spine to be "severe." (Tr. at 25.)  As previously discussed, there is nothing

in the record to indicate that Plaintiff suffered from any severe condition,

other than her back impairment, after the alleged onset date.  Further, the

ALJ stated, "Claimant does not have an impairment that, singly or in

combination with any other impairment, meets or medically equals a listing

in the Listing of Impairments." *Id*. at 26.  This language alone is sufficient

to demonstrate that the ALJ properly considered Plaintiff's combined impairments. *See Wheeler*, 784 F.2d 1076 and *Jones*, 941 F.2d 1553. Additionally, it is also clear from the ALJ's examination of the medical records of evidence that the ALJ properly considered all of Plaintiff's impairments and combination of impairments.

IV.    Conclusion.

Because the Court finds that the Commissioner's final decision applies the proper legal standards and is supported by substantial evidence, the decision of the Commissioner will be affirmed by separate order.

Done this 27th day of September 2010.

_____

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

153671